UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUE R. EVANISH,

      Plaintiff,                      Case Number 2:25-CV-13390
                                             Hon. Linda V. Parker

v.

ANDREW FILL,

      Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

Marque R. Evanish, currently on parole with the Michigan Department of Corrections and residing in Benton Harbor, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons that follow, the complaint is **dismissed without prejudice**. Plaintiff may refile his complaint provided that he meets the appropriate conditions.

I.

Plaintiff, when submitting his complaint, did not pay the $350.00 filing fee and $55.00 administrative filing fee. Although Plaintiff did submit an application to proceed *in forma pauperis* with his complaint, he did not file an affidavit of indigency with the application or provide a list of his assets. (ECF No. 2.)

1

On November 4, 2025, Magistrate Judge David R. Grand signed an order of deficiency and directed Plaintiff to (1) pay the required fees, or (2) file an affidavit of indigency in support of the application to proceed in *forma pauperis* listing all of his assets to the Court. Plaintiff was given thirty (30) days to comply with the order. (ECF No. 5.)

Plaintiff has now filed a request to waive the filing fee, but he has not signed an affidavit of indigency nor listed all of his assets. (ECF No. 6).

## II.

Once a prisoner is released from incarceration, his obligation to pay court fees is determined, like any other non-prisoner, solely by whether he qualifies for the type of *in forma pauperis* status that is available to all litigants. *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir.1997); *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). However, all individuals, both prisoners and non-prisoners, who seek pauper status in federal court must file a form or affidavit which states all of the assets possessed by that individual. The failure to file the required affidavit mandates that the pauper request be denied. *See Floyd v. U.S. Postal Service*, 105 F.3d 274, 277 (6th Cir. 1997); *superceded on other grounds by* Rule 24, Fed. R. App. P.

Plaintiff's request to waive the fees is deficient because it does not contain a form or affidavit that lists all of his assets. *Floyd,* 105 F.3d at 277. The Court therefore must deny Plaintiff's request for pauperis status. *Id.* Because Plaintiff has neither paid the $350.00 filing fee, plus the $55.00 administrative fee, nor has he filed an affidavit or form listing all of his assets, his complaint must be dismissed. *See e.g. Corrion v. Copeland,* No. 2:11-CV-15114, 2012 WL 137833, at *1 (E.D. Mich. Jan. 18, 2012).

IT IS HEREBY ORDERED that the complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file a new complaint under a new case number and pay the required fees, or Plaintiff may apply to proceed *in forma pauperis* which must include a form or affidavit listing all of Plaintiff's assets.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 2, 2026

3